TRUSTEES OF MINISTERIAL AND SCHOOL FUND, IN ANDOVER, *versus* REED.

Under c. 246, § 12, of Acts of 1852, the decisions of the presiding Judge, of cases withdrawn from the jury by consent, in all matters of law, are open to exceptions.

The trustees of a ministerial and school fund, in an action in the name of the corporation, are competent witnesses, if they are not personally named as plaintiffs.

EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding.

TRESPASS for a quantity of hay. Defendant claimed title to it.

The plaintiffs, to support their title, called one Sylvanus Poor, and also offered the deposition of one John Abbott. Both belonged to the board of trustees and the testimony was rejected for that cause.

Other testimony was in the case and it was withdrawn from the jury and submitted to the presiding Judge, the plaintiffs reserving the right to except to the foregoing rul-. ing.

Judgment was entered for defendant.

*Virgin,* with whom was *May,* in support of the exceptions.

*Walton, contra,* cited Howe's Practice, 299 ; *Adams* v. *Leland,* 7 Pick. 62 ; 1 Greenl. Ev. § 333 ; *Rex* v. *St. Mary Magdalen,* 3 East, 7.

He also objected that in such a case exceptions do not lie.

HATHAWAY, J. — Any party thinking himself aggrieved by any opinion, direction or judgment of any Justice of the Supreme Judicial Court in the trial of a cause, is entitled to his exceptions, as provided by statute, c. 96, § 17. A similar provision was made for exceptions from the late District Court by statute, c. 97, § 18.

By statute of 1852, c. 246, § 12, it is provided, that " the Justice presiding at terms holden for jury trials shall hear and determine all cases whatsoever, without the intervention of a jury, when both parties shall have so agreed, and entered such agreement on the docket, and he shall direct what judgment shall be entered up in all cases so by him decided."

The object of this provision seems to have been to substitute the Judge for the jury, in the trial of a cause, whenever the parties should so agree ; but the party aggrieved by any erroneous rulings of the Judge in matter of law, is not thereby deprived of his right to exceptions.

The statute merely requires the Justice presiding in such cases, to perform the duties of a jury in settling the facts, in addition to his ordinary duties as Judge in trying the cause, leaving the parties' rights to exceptions in all questions of law, presented to and adjudicated upon by the Judge, precisely the same as if the case had been tried by

the jury. In this case, the question of the legal admissibility of Poor and Abbott as witnesses, was distinctly presented to and ruled upon by the Judge presiding, and the party believing himself aggrieved by the ruling of the Judge, had a legal right to take exceptions.

By R. S., c. 20, § 3, " the selectmen, town clerk and treasurer, for the time being, of each town in the State wherein no other trustees for the same purpose are already lawfully appointed, shall be a body corporate and trustees of the ministerial and school funds in such towns forever, with the usual powers granted to similar corporations."

The plaintiffs appear by the case as presented, to have brought their action, as such corporation, and although the statute does not, in terms, declare the name of the body corporate, yet, its fair construction gives the corporate name which is used in the case. Nor was there any objection made to the plaintiffs' right to sue, by such name, for the plea was the general issue. The witnesses, Poor and Abbott, therefore, not being named as parties to the record, as was the case in *Adams & als.* v. *Leland,* 7 Pick. 62, cited by defendant, no judgment could be rendered against them personally.

If the plaintiffs fail in their action, judgment for costs can only be against the corporation of which Poor and Abbott were members. And they, as individuals, had no legal interest, which could lawfully exclude them as witnesses. *Miller* v. *Mariner's Church,* 7 Greenl. 51; 1 Greenl. Ev. § 333; and the case also comes within the provisions of stat. c. 115, § 75, which makes members of such a corporation witnesses, provided they have no other interest than as such members. The testimony of Poor and Abbott was therefore erroneously excluded. *Exceptions sustained,*
*and new trial granted.*

SHEPLEY, C. J., and RICE and CUTTING, J. J., concurred.